IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INFINITY TRANSPORTATION MANAGEMENT, LLC, an Illinois company,<br><br>   Plaintiff,<br><br>v.<br><br>CHARTERUP, LLC, a Georgia company and ARMIR HARRIS, an individual,<br><br>   Defendants. | No. 1:21-cv-4639<br><br>Judge Matthew F. Kennelly |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER PURSUANT TO THE FEDERAL ARBITRATION ACT, OR ALTERNATIVELY, COMPEL ARBITRATION AND DISMISS OR STAY LITIGATION**

  Defendants charterUP, LLC ("charterUP") and Armir Harris ("Harris") (collectively, "Defendants"), by and through their undersigned attorneys, respectfully submit this reply in support of their motion to dismiss or transfer this action pursuant to and consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* (the "FAA"), or alternatively, to compel arbitration of the claims asserted by Plaintiff Infinity Transportation Management, LLC ("Plaintiff") and either dismiss such claims or stay such claims pending arbitration. In support, Defendants state as follows:

**INTRODUCTION**

  In short, Plaintiff entered into a Preferred Partnership Agreement with charterUP (the "Agreement"), which is governed by Georgia law and contains an explicit arbitration provision (the "Arbitration Provision"). (D.E. 1, Ex. A). The Arbitration Provision is valid and enforceable

under Georgia law, and all of Plaintiff's claims fall within the scope of the provision. Plaintiff fails to demonstrate otherwise in its response.

Accordingly, as detailed below, Defendants respectfully request that this Court either (1) dismiss this action under the doctrine of *forum non conveniens* or under Rule 12(b), both of which would be consistent with Section 4 of the FAA, or (2) transfer this action to the United States District Court for the Northern District of Georgia pursuant to and consistent with 28 U.S.C. § 1404(a) and Section 4 of the FAA because that is the venue agreed to by the parties, and that Court has jurisdiction to order that Plaintiff's claims be submitted to arbitration. Alternatively, Defendants respectfully request that this Court compel Plaintiff to submit its claims to arbitration, and either (1) dismiss this action in its entirety, or (2) stay this action pending arbitration.

## ARGUMENT

**I.     This Court does not have jurisdiction to compel arbitration, and as such, it should transfer or dismiss Plaintiff's claims.**

**A.     As Plaintiff notes in its response, the enforceability of the Arbitration Provision should be decided by the arbitrator.**

While Plaintiff asserts that "the court, and not the arbitrator, should decide whether the arbitration provisions is enforceable," on the same page of its response Plaintiff then "acknowledges that *if* there is a valid arbitration clause, well-settled law states that even the question of contract formation is a matter for an arbitrator to decide." (D.E. 17 at p. 3) (emphasis in original). CharterUP agrees: whether the Arbitration Provision is enforceable is an issue that should be decided by the arbitrator sitting in Atlanta, Georgia.

"[W]here the parties agree to arbitration pursuant to the rules of the American Arbitration Association ('AAA'), the parties incorporate the AAA's rules into the arbitration agreement. The AAA Rules state that an arbitrator has the power to determine the scope of the arbitration

agreement and the arbitrability of any claim or counterclaim." *Crooms v. Sw. Airlines Co.*, 459 F. Supp. 3d 1041, 1055 (N.D. Ill. 2020) (internal citations and quotations omitted). Indeed,

> Several Circuit Courts have ruled that incorporating AAA Rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate the question of arbitrability. Although the Seventh Circuit has not specifically addressed whether a delegation clause can be incorporated by reference, it long ago held that an agreement of the parties to have any arbitration governed by the rules of the AAA incorporate[s] those rules into the agreement. Many courts in this District agree with the consensus in other circuits that incorporation of AAA Rules delegates arbitrability decisions to the arbitrator.

*Id.* (internal citations and quotations omitted).

In *Crooms*, the court found that the parties had agreed to arbitrate under AAA rules, as the agreement provided that arbitration "shall be conducted in accordance with the current version of AAA's Employment Arbitration Rules and Mediation Procedures." AAA's Employment Arbitration Rules and Mediation Procedures provide, in relevant part, that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *Id.* (quoting Employment: Arbitration Rules and Mediation Procedures § 6(a), American Arbitration Association (July 1, 2016)[1]). As such, the court held that the parties agreed to arbitrate the question of arbitrability, noting that "it is up to the arbitrator to decide whether [the plaintiff] and [the defendant] agreed to arbitrate their claims under BIPA when they agreed to arbitrate." *Id.* at 1055–56; *see also Grabowski v. PlatePass, L.L.C.*, No. 20 C 7003, 2021 WL 1962379, at *3 (N.D. Ill. May 17, 2021) ("although the Seventh Circuit has not squarely addressed this issue, the consensus view among federal courts holds that the reference to or incorporation of AAA rules also constitutes clear and unmistakable evidence to delegate arbitrability to an arbitrator."). In *Grabowski*, the court ultimately adopted

---

[1] The Rules can be found at: http://www.adr.org/sites/default/files/Employment% 20Rules.pdf.

the "consensus view" and found that "the parties' agreement to arbitrate pursuant to AAA Rules also constitutes clear and unmistakable intent to delegate arbitrability." *Grabowski*, 2021 WL 1962379, at *4. The court then held that it was "the arbitrator, not this Court, who must decide in the first instance the merits of whether Defendant can enforce the arbitration agreement against Plaintiff." *Id.* at *4.

Similarly, here, the Arbitration Provision provides that "[a]ny arbitration under this Agreement shall be conducted in Atlanta, Georgia, in accordance with the Commercial Arbitration Rules of the American Arbitration Association and the Federal Arbitration Act, 9 U.S.C. § 1, et. seq." (D.E. 1 at Section L(2)). The AAA Commercial Rules,[2] provide in relevant part, that:

> (a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.
> (b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.
> (c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

R-7(a)–(c). As such, the arbitrability of Plaintiff's claims (i.e., whether or not the agreement is enforceable) should be decided by the arbitrator, and not this Court.

---

[2] The Rules can be found at: http://www.adr.org/sites/default/files/Employment% 20Rules.pdf.

**B.      Because the court lacks jurisdiction to even decide if the claims are arbitrable, this Court should dismiss or transfer Plaintiff's claims.**

As highlighted in Plaintiff's own response, this Court does not have jurisdiction to rule on the enforceability of the Arbitration Provision. It then follows that this Court does not have jurisdiction to compel arbitration, since this Court sits in a district that outside of the jurisdiction that the parties selected for dispute resolution. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995).

In light of this, and as set forth in detail in Defendants' motion, Plaintiff's claims should be dismissed under the doctrine of *forum non conveniens* or under Federal Rule of Civil Procedure 12(b). *See Hunt v. Moore Bros.*, 861 F.3d 655, 657 (7th Cir. 2017) (holding that dismissal was appropriate because a dispute that "belongs in the arbitral forum . . . is analogous to one based on *forum non conveniens*."); *Faulkenberg v. CB Tax Franchise Sys.*, 637 F.3d 801, 808 (7th Cir. 2011) (finding that dismissal was appropriate under Rule 12(b)(3) for improper venue because "a district court cannot compel arbitration outside the confines of its district."). Conversely, should the Court not dismiss Plaintiff's Complaint under the doctrine of *forum non conveniens* or under Rule 12(b), it should, consistent with Section 4 of the FAA, transfer the case to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1404(a), as it is the forum selected by the parties to resolve their non-arbitrable disputes and can thus compel arbitration. *See Gundrum v. Cleveland Integrity Servs., Inc.*, 16-cv-369-wmc, 2017 WL 414491, at *6 (W.D. Wisc. Jan. 31, 2017) (transferring case pursuant to the forum selected in an arbitration agreement).

**C.      Given the above, this Court should also not entertain Plaintiff's request for a preliminary injunction.**

As Plaintiff's claims should be heard in arbitration in Atlanta, Georgia (or, at a minimum, in United States District Court for the Northern District of Georgia Court until arbitration can be compelled), this Court should not entertain Plaintiff's request for a preliminary injunction. Indeed,

5

courts have held that the availability of emergency relief in arbitration means that the courts should not entertain requests for interim relief. *See Smart Techs. ULC v. Rapt Touch Ireland Ltd*, 197 F. Supp. 3d 1204 (N.D. Cal. 2016) (refusing to issue a temporary restraining order on the grounds that the agreed upon arbitration rules provided an expedited process to seek relief and that plaintiff failed to explain why the court should step in to adjudicate the request where both parties agreed to arbitrate the dispute); *TK Servs., Inc. v. RWD Consulting, LLC*, 263 F. Supp. 3d 64 (D.C.C. 2017) (refusing to grant interim relief where the emergency interim relief may be obtained from arbitration); *A&C Discount Pharmacy, L.L.C. v. Carmark, L.L.C.*, No. 3:16-CV-0264-D, 2016 U.S. Dist. LEXIS 82888 (N.D. Tex. June 27, 2016) (refusing to grant preliminary relief where the relief itself was the subject of the arbitration).

**II.     Should this Court find that it does have jurisdiction, it should compel arbitration and either dismiss Plaintiff's claims or stay this litigation.**

   **A.     The Arbitration Provision is enforceable.**

As set forth in detail in charterUP's motion, the Arbitration Provision is enforceable under Georgia law. Plaintiff's response fails to demonstrate otherwise, as the Arbitration Provision is supported by mutuality of obligation, consideration, and public policy.

To begin, Plaintiff's response takes issue with portions of the Agreement that are wholly unrelated to the Arbitration Provision. (See. D.E. 1 at p. 5 (discussing alleged issues with Section A(1) of the Agreement and at p. 8 (discussing alleged issues with Section G(2) of the Agreement).) Though the provisions cited by Plaintiff are also enforceable, in Section N(3) of the Agreement, Plaintiff agreed that each provision is severable and that if any provision is deemed unenforceable, "the remaining provisions of this Agreement remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provisions or by its severance." (D.E. 1, Ex. A at Section N(3)). As such, in determining whether the Arbitration Provision is valid and

enforceable, only the Arbitration Provision itself should be analyzed. And, in looking exclusively to the Arbitration Provision, it is clear that it is enforceable.

### 1. The Arbitration Provision is supported by mutuality of obligation.

First, as Plaintiff notes, Georgia law (which governs the Agreement) requires that contracts be supported by mutuality of obligation. (D.E. 17 at p. 4). The Arbitration Provision is supported by mutuality of obligation, as under Georgia law, an arbitration agreement is not invalid because it lacks "mutuality of remedy." *Saturna v. Bickley Const. Co.*, 252 Ga. App. 140, 141 (2001) (citing *Crawford v. Results Oriented*, 273 Ga. 884 (2001)).

In *Crawford*, the Georgia Supreme Court relied in part upon *Green Tree Financial Corp. v. Vintson*, 753 So. 2d 497 (Ala.1999), which held that:

> The doctrine of mutuality of remedy is limited to the availability of the ultimate redress for a wrong suffered by a plaintiff, not the means by which that ultimate redress is sought. A plaintiff does not seek as his ultimate redress an arbitration proceeding or a court proceeding. Instead, he seeks legal relief (e.g., damages) or equitable relief (e.g., specific performance) for his injury, and he uses the proceeding as a means to obtain that result.

*Id.* at 504; *see also Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 180-81 (3d Cir. 1999) (finding that "[i]t is of no legal consequence that the arbitration clause gives [the defendant] the option to litigate arbitrable issues in court, while requiring [the plaintiffs] to invoke arbitration."); *In re Pate*, 198 B.R. 841, 844 (Bankr. S.D. Ga. 1996) (noting that the court cannot find "any state law doctrine" supporting an argument "that an arbitration clause can only bind a party if it also equally binds the opposing party").

In *Harris*, the Court found that "the mere fact [the defendant] retains the option to litigate some issues in court, while [the plaintiffs] must arbitrate all claims does not make the arbitration agreement unenforceable. We have held repeatedly that inequality in bargaining power, alone, is not a valid basis upon which to invalidate an arbitration agreement." *Harris*, 183 F. 3d at 183 (3d

7

Cir. 1999). Similarly, here, the fact that Plaintiff must file its claims in arbitration while charterUP has the ability to file an action in court does not make the Arbitration Provision unenforceable. Further, as set forth below, while charterUP has the ability to file an action in court, charterUP has agreed that arbitration is the exclusive venue for Plaintiff's claims and has agreed that any decision by such arbitrator would be binding and conclusive on charterUP. (D.E. 1, Ex. A at Section L(2)). As such, the Arbitration Provision is supported by mutuality of obligation.

### 2. The Arbitration Provision is supported by consideration.

Second, the Arbitration Provision is supported by consideration because, as set forth above, there are mutual promises to arbitrate Plaintiff's claims. *See Thi of Ga. at Shamrock, LLC v. Fields*, No. CV 313-032, 2013 WL 6097569, at *4 (S.D. Ga. Nov. 18, 2013) (rejecting plaintiff's assertion that the arbitration agreement was not supported by consideration because mutual promises to arbitrate are sufficient forms of consideration); *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1376 (11th Cir. 2005) ("Georgia law provides that mutual promises and obligations are sufficient consideration to support a contract.").

The language of the Arbitration Provision is clear in that both parties agreed that "arbitration constitutes the exclusive means of resolving [Plaintiff]'s claims or disputes arising under this Agreement or otherwise relating to [Plaintiff]'s business relationship with charterUP." (D.E. 1, Ex. A at Section L(2)). The language is also clear in that both parties — including charterUP — agreed to be bound by any decisions of the arbitrator. (*Id.*) As both parties have agreed to be bound by arbitration with respect to Plaintiff's claims, adequate consideration exists and the Arbitration Provision should be enforced.

The case law cited by Plaintiff does not lead to a different result. Indeed, *Hull v. Norcom, Inc.*, 750 F. 2d 1547 (11th Cir. 1985) is not cited as good law by either Georgia or Illinois courts. *See Rushing v. Gold Kist, Inc.*, 256 Ga. App. 115, 119 (2002) (noting that "the mutuality

8

requirement in *Hull* was imposed under New York law, and the court's decision has not been widely accepted."); *Dorsey v. H.C.P. Sales, Inc.*, 46 F. Supp. 2d 804, 807 (N.D. Ill. 1999) (finding that the plaintiff's reliance on *Hull* "is fruitless because the Illinois courts have explicitly (and implicitly) rejected that approach."). To that end, in *Rushing*, the court found that the arbitration provision at issue was supported by consideration because even though the clause "allows [the defendant]'s board to declare which types of disputes are subject to arbitration, . . . nothing in either document permits the parties to unilaterally decline arbitration. To the contrary, [the defendant] and its members are equally bound to arbitrate those categories of cases designated by the board, to comply with the same arbitration procedures, and to abide by the results." *Rushing*, 256 Ga. App. at 119. Similarly, here, Defendants are bound to arbitrate Plaintiff's claims and to abide by the results, and as such, the Arbitration Provision is valid and supported by consideration.

Further, in *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1376 (11th Cir. 2005), the court confirmed that "Georgia law provides that mutual promises and obligations are sufficient consideration to support a contract." To the extent that Plaintiff relies upon the ability to alter the Agreement to support its position, the court found also that, even when a defendant can modify the terms of the arbitration provision, the promise to be bound by the provision is not illusory as the defendant is bound by the version of the agreement in effect at the time a claim is received. *Id.* at 1372. The same is true here.

### 3. Public policy promotes enforcing the Arbitration Provision.

Third, despite Plaintiff's contention, public policy actually promotes arbitration. Indeed, "binding arbitration agreements generally are not in contravention of the public policy of this State." To the contrary, "[i]n enacting the [Georgia Arbitration Code], the General Assembly established a clear public policy in favor of arbitration." *Order Homes v. Iverson*, 300 Ga. App. 332, 334–335, 685 S.E.2d 304 (2009) (internal citations and quotations omitted).

9

**B.      As an alternative to the above, because the Arbitration Provision is valid, this Court should compel arbitration and either dismiss Plaintiff's claims or stay this litigation.**

As set forth in detail in charterUP's motion, should this Court determine that it has jurisdiction over Plaintiff's claims, it should compel arbitration because the Arbitration Provision is valid and enforceable and Plaintiff's claims fall within the scope of the Arbitration Provision. Thereafter, this Court should dismiss Plaintiff's Complaint in its entirety because "all of the issues raised . . . must be submitted to arbitration." *U.S. & Int'l Travel & Tours, Inc. v. Tarom, S.A.*, 98 F. Supp. 2d 979, 981 (N.D. Ill. 2000) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). While dismissal is warranted, should the Court retain jurisdiction over this action pending arbitration, it should stay this action pending arbitration.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants charterUP, LLC and Armir Harris respectfully request that the Court dismiss or transfer Plaintiff's claims based on the forum selection clause and Arbitration Provision in the Agreement. Conversely, Defendants respectfully request that the Court compel arbitration and dismiss Plaintiff's claims. To the extent that arbitration is compelled and this action is not dismissed, Defendants respectfully request that the Court stay this action in its entirety to allow arbitration to proceed, or at a minimum, stay this action until this motion is resolved.

                                        Respectfully submitted,

                                By:   /s/ Robert S. Rigg
                                           One of Their Attorneys

Robert S. Rigg, Bar No. 6203991
Randall M. Lending, Bar No. 6198407
Julia L. Koechley, Bar No. 6327456
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500

Dated:  September 20, 2021

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will notify all attorneys of record of the filing of this document.

/s/ Robert S. Rigg
Robert S. Rigg